# Fleming *v.* The Insurance Co.

[MARCH, 1847.]

A judgment of non-suit ordered to be entered on motion of the defendant, by the judge presiding at the trial of a cause in the district court for the city and county of Philadelphia, under the seventh section of the act of 11th March, 1836, is not a bar to a subsequent action brought against the same defendant by the same plaintiff for the same cause.

THIS was an action of covenant, brought by Joseph Fleming to the use of John M. De Bolle against the Insurance Company of the state of Pennsylvania, upon a policy of insurance.

[ Fleming *v.* The Insurance Co.]

The defendants filed several special pleas, one of which stated, in substance, that a former action of covenant upon the same policy, for the same cause, had been brought by the same plaintiff against the defendants in the district court for the city and county of Philadelphia; in which the defendants had pleaded *non infregerunt*, &c.: that upon the trial of that action, after the plaintiff had produced his evidence, and closed his case, the judge presiding at the trial had, on motion of the defendants, directed a non-suit, with leave, &c., under the 7th section of the act of March 11, 1836: and that the plaintiff had afterwards moved the court in *banc* to set aside the said judgment of non-suit, which was refused. To this plea the plaintiff demurred, and the defendants joined in demurrer.

The 7th section of the act of March 11, 1836, *Purdon*, 268, is as follows:—" Whenever the defendant, upon the trial of a cause in the said court, shall offer no evidence, it shall be lawful for the judge presiding at the trial, to order a judgment of non-suit to be entered, if, in his opinion, the plaintiff shall have given no such evidence as in law is sufficient to maintain the action, with leave, nevertheless, to move the court in *banc* to set aside such judgment of non-suit; and in case the said court in *banc* shall refuse to set aside the non-suit, the plaintiff may remove the record by a writ of error, into the supreme court for revision and reversal, in like manner and with like effect as he might remove a judgment rendered against him upon a demurrer to evidence."

*C. Ingersoll*, for plaintiffs.—A non-suit is not a bar to another action for the same cause. Co. Litt. 139 a; Purdon, 268; 3 Wils. 149; *Milchard* v. *Halsey*, 6 Com. Dig. 277, Pleader, X. 4; 7 Bouv. Bac. Abr. Pleas, 11, p. 619.

*L. A. Scott*, for defendants.—This is not the ordinary non-suit, which is a mere default, 3 Bl. Com. 376, and can-

not be forced upon a plaintiff, 2 Binn. 234, 248; 1 Serg. & Rawle, 360; 2 T. R. 265; 3 Ad. & Ellis, 166; and which he has a right to suffer at any moment, 4 Watts, 308; 9 W. & S. 153. Here, after a full trial, the judgment of the court was against the plaintiff; and it is to be presumed that another trial must result in the same way. There is no allegation of accident or surprise. A writ of error will lie upon the judgment, which would be worse than useless if the plaintiff can recommence his action, after the judgment is affirmed. 2 Watts 108; 4 T. R. 436. The motion for a non-suit is a demurrer to the evidence, 3 W. & S. 14; 9 W. & S. 187; Gould's Pleading, chap. 9, § 47, &c. The plaintiff's rights are pointed out by the act. The right to a jury trial is not touched by our construction, and the act saves time.

*C. Ingersoll*, in reply.—The question might have been different, had the plaintiff taken a writ of error. The question is on the construction of a statute, and the argument from inconvenience cannot apply. The act calls it " a judgment of non-suit,"—the right to a jury trial would be infringed if the non-suit were held to be final.

The following opinion was delivered by

GIBSON, C. J.—It certainly was held in the cases quoted, that a motion for a non-suit under this statute, is like a demurrer to evidence; not, however, as regards the effect of the judgment consequent upon it, but as regards the inferences that may be made from the evidence. It is settled, that the court may infer any fact from it which a jury might infer, or which a demurrant would be compelled to admit. What next? Should the evidence still be insufficient to make out a case, the court is to give judgment, not for the defendant, as in the case of a demurrer, but of non-suit. Now, in the case of a non-suit, as the plaintiff is merely called, and his silence recorded, there is strictly no judgment

at all; and though it is peremptory in attaint, appeals of felony, and in one or two other cases practically unknown to our jurisprudence, it has been universally understood in Pennsylvania to be no bar to a subsequent suit for the same cause. Such is both the technical and the popular understanding of its consequences. It is, however, called a judgment in the statute under consideration, as it was called in the 14 G. 2, c. 2, which enables a judge at nisi prius to give judgment, "as in case of non-suit," when a plaintiff refuses to bring on his cause sent down for trial under a proviso rule. Now had this judgment of non-suit, under the act of assembly, been intended to have the effect of a judgment on demurrer to evidence, why was not the court ordered to give judgment directly for the defendant, which would have been the more immediate and sensible course of attaining the end? Or why, since it was known that the defendant might attain it by a demurrer to evidence, did the legislature interfere at all? Certainly not to relieve him from the risk attendant on a demurrer, and at the same time give him the benefit of it; for if the plaintiff were driven to the necessity of staking his case on the court's view of the evidence, the defendant ought, on every principle of reciprocity, to do the same. The object plainly was to save time by compelling a plaintiff who could show no case, to submit to a non-suit; without driving the defendant to the perilous step of such a demurrer. The power of barring the plaintiff's access to the jury, is an arbitrary, though a necessary one; and as it derogates in some measure from a constitutional right, it is not to be enlarged by construction. It is true that the defendant could have barred it to the same extent by a demurrer to evidence; but this is attended with so much risk, that resort is seldom had to it, and it can scarce be said to be a practical impediment to trial by jury. By reason of this, the parties often went to the jury with a flourish of trumpets, when there really was nothing to try; to remedy which, the legislature directed the judge to step

H

[ Fleming *v.* The Insurance Co. ]

in and turn the plaintiff out of court, not depriving him of his writ of error, or a right to go before another jury with a better case. It is said there may be reason for allowing such a right to a plaintiff who has been driven to a voluntary non-suit by accidental inability to bring forward the whole strength of his case, occasioned by accident and surprise, which does not exist in the case of one who has deliberately brought it forward and failed. But how does it appear that the latter is not equally prevented and taken by surprise, when he is tripped up the instant he has closed his evidence? The former may not only deliberately go before the jury with his case, but take the opinion of the judge on it, and a non-suit, even when the jury are ready to deliver their verdict. It may be said that this is not by statute, but by the course of the common law; but it is not entirely so.

The "act further to regulate proceedings in courts of justice," allows him to suffer a non-suit at the latest moment; and yet no one has ever dreamt that it precludes a second action for the same cause. The privilege would be a barren one if it did; and this shows that the legislature has not viewed a non-suit as a judgment to that effect. Why then should it be supposed that a different effect was intended to be given to an involuntary non-suit, which precludes every thing like deliberation? It is a rule of construction, that statutes are to be interpreted as near as may be to the principles of the common law; and technical terms are to be understood in their technical sense, unless it clearly appear by the context that they were intended to be understood on a different one. "It is to be presumed that the legislature know how to use terms applicable to the subject matter," *Dwarris* 707; and in this instance it doubtless knew the technical consequences of the judgment it prescribed. The plea is therefore bad.

Demurrer sustained, and judgment of *respondeat ouster*.[*]

[*] Bournonville *v.* Goodall, 10 Barr 133.